UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

        v.                           Civil Action No. 25-254

MARCO RUBIO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Plaintiff Jane Doe has filed this lawsuit under Title VII of the Civil Rights Act against the Secretary of State and various State Department employees. See ECF No. 1 (Compl.). She alleges that Defendants discriminated against her on the basis of protected characteristics and failed to accommodate her disabilities. Id. at ECF pp. 6–8. Specifically, she alleges that her orders to return from her temporary assignment in Cambodia during the COVID-19 pandemic were unreasonable after she "informed her supervisor of her heart condition" and made repeated requests to remain overseas in a safe country. Id. Plaintiff has previously succeeded in an employment discrimination claim against State, which she contends led to harassment and unfair treatment prior to filing this lawsuit. See ECF No. 8 (Second Pseud. Mot.) at 2. She now moves again to proceed under a pseudonym, id. at 1; see also Compl. at ECF p. 8, following a previously unsuccessful attempt. See ECF No. 3 (First Pseud. Mot.).

    As Doe has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion(s) to file a pseudonymous complaint").

1

I.     **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party seeking to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

II.    Analysis

Plaintiff has not met her burden to demonstrate that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity. This Court will address each of the five factors in turn, focusing on the first.

The first factor favors pseudonymity when disclosing Plaintiff's identity will reveal information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). As a general matter, the "sensitive and highly personal information" in pseudonymous litigation "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Id. at 327. Plaintiff indicates that disclosure of her identity will publicize her "personal and private medical conditions . . . such as PTSD and depression," Compl. at ECF p. 8, and her "heart condition." Id. at ECF p. 6. The disclosure of Plaintiff's medical information, therefore, weighs in favor of pseudonymity. In re Sealed Case, 971 F.3d at 327; see also, e.g., Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The disabilities and medical histories of plaintiffs . . . are paradigmatically sensitive and highly personal.") (quotation marks omitted); Jones v. Trump, 2025 WL 485419, at *2 (D.D.C. Feb. 13, 2025) (same where "Jane Jones is diagnosed with gender dysphoria"); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023) (same where "Complaint describes the medical conditions from which [Plaintiffs] suffer . . . such as major depressive disorder . . . [and] post-traumatic-stress disorder").

Plaintiff's contention of unfavorable treatment resulting from her previous lawsuit, however, see Second Pseud. Mot. at 2, sounds closer to "merely" seeking "to avoid the annoyance and criticism that may attend any litigation" and thus disfavors pseudonymity. In re

3

Sealed Case, 971 F.3d at 327; see also Thomas v. Power, No. 23-2637, ECF No. 4 (Mem. Op.) at 3 (D.D.C. Sept. 14, 2023) (finding factor disfavored pseudonymity where plaintiff feared disclosure of information regarding her employment disciplinary history because "disclosure of this kind of information is part of the annoyance that may attend any litigation") (cleaned up); Doe v. Garland, 2021 WL 3622425, at *2 (D.D.C. Apr. 28, 2021) (similar).

Plaintiff points out that she was asked about the prior case in a job interview and subsequently did not receive the role despite "highly favorable feedback from the hiring managers." Second Pseud. Mot. at 2. She claims, therefore, that disclosure will limit her future employment opportunities by "creating an unfair prejudice and the perception of being 'litigious.'" Id. Such claims are insufficiently detailed and substantiated to support pseudonymity. It is true that substantiated claims of harm to future employment prospects that would result from disclosure generally weigh in favor of pseudonymity. Compare Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) ("[T]he purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank . . . . [I]f an adverse report is made to that body, . . . [she] will be unable to practice medicine."), with Doe v. DOJ, No. 23-1467, ECF No. 6 (Mem. Op.) at 4 (D.D.C. June 1, 2023) ("Although Plaintiff contends that 'rational employers will refuse to hire' her based on the FBI's letter, she offers no convincing explanation why.") (citation omitted).

Here, conversely, disclosing Plaintiff's identity merely gives the vague impression of her being "litigious," Second Pseudo. Mot. at 2, but that impression could attend any public litigation, including employment-discrimination litigation frequently brought under a plaintiff's real name. See Garland, 2021 WL 3622425, at *2 (noting that employment-discrimination claims are often litigated without pseudonyms in claims not involving medical information); see

also DOJ, No. 23-1467, Mem. Op. at 3–4 (finding no sufficient threat to employment based on "vague implication" of dishonesty without specific charges of misconduct). Plaintiff's experiences following her previous claim against the State Department are not wholly insubstantial, but they do not rise to the level of detail and specificity required to support pseudonymity. Compare Second Pseud. Mot. at 2 (lacking proof of any direct link between questions about prior employment-discrimination claims and job deprivation), with Lieberman, 2020 WL 13260569, at *3 (granting pseudonymity request where "charge of unprofessional conduct" contained in complaint could render doctor "unable to practice medicine" if it reached practitioner data bank).

In sum, the first factor slightly supports pseudonymity. On one hand, the disclosure of Plaintiff's private medical information and disability status at the core of the Complaint is a real and weighty interest that favors pseudonymity. See In re Sealed Case, 971 F.3d at 327. On the other, Plaintiff's claims of unfair treatment, see Second Pseud. Mot. at 2 ("This demonstrates that public identification caused real, tangible negative impacts within the workplace"), and fears of limited employment prospects, id. ("Plaintiff anticipates that a public second lawsuit will undoubtedly harm future employment opportunities both within and outside the Department") (emphasis omitted), are respectively inapposite and insufficiently substantiated to favor pseudonymity. This Court is mindful that the pseudonymity inquiry is a "flexible and fact driven" balancing test, In re Sealed Case, 971 F.3d at 326, and ultimately concludes that the medical information core to this case tilts the first factor in favor of pseudonymity.

The second factor, however, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," favors disclosure. Id. (quotation marks omitted). Plaintiff does not claim that identification poses any risk to "innocent non-parties"

here. Id.  While she alleges that it "poses a significant and real risk of retaliatory mental harm and further adverse actions," Second Pseud. Mot. at 3 (emphasis omitted); see also Compl. at ECF p. 8, she does not allege harm beyond a detriment to her general "well-being" and the injury to her employment prospects just discussed.  See Second Pseud. Mot. at 3.  While the Court is sympathetic, generalized claims of mental hardship that are unconnected to any substantial threats of psychological damage are insufficient to support pseudonymity.  See Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018).  Further, with respect to Plaintiff's proffered examples regarding her previous claim against the State Department, any risk of retaliation would likely be unaffected by disclosure to the extent that those employees are already aware of her identity.  Cf. Thomas, No. 23-2637, Mem. Op. at 4 (making similar point where plaintiff alleged that events leading up to claim posed threat of physical and mental harm).  Overall, Doe has failed to show that denying the Motion poses a genuine risk of retaliatory physical or mental harm sufficient to overcome the presumption of disclosure.

The third factor further favors disclosure.  This case implicates no privacy interests of minors.  See Second Pseudo. Mot. at 3–4.

The fourth factor favors pseudonymity.  Starting with the fourth, Plaintiff has sued government officials seeking individualized relief.  This counsels in favor of pseudonymity.  See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation

6

that private individuals have when they are publicly charged with wrongdoing.") (quotation marks omitted).

The fifth factor, however, does not support her Motion. There is no "risk of unfairness" to a defendant when it knows plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" when defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion when defendant already knows plaintiff's identity). Here, Doe argues that this litigation does not require Defendants to know her identity to mount an effective defense. See Second Pseudo Mot. at 4. But "Plaintiff[] has given the Court no reason to definitively conclude Defendant[s] know [her] identity," N.L. v. District of Columbia, No. 24-3165, ECF No. 5 (Mem. Op.) at 5 (D.D.C. Nov. 21, 2024), nor has she disclosed (or offered to disclose) her identity to Defendants under seal. "The Court is therefore unable to conclude that this factor necessarily supports [her] Motion." N.L., No. 24-3165, Mem. Op. at 6.

Overall, the pseudonymity question is a close one. The first and fourth factors slightly favor pseudonymity. The second, third, and fifth factors, however, tilt heavily in favor of disclosure. As noted above, the pseudonymity inquiry is "flexible," In re Sealed Case, 971 F.3d at 326, and Plaintiff bears a "weighty burden of demonstrating a concrete need" for pseudonymity. In re Sealed Case, 931 F.3d at 96. In light of the relatively tepid support from the factors favoring pseudonymity and the strength of those factors weighing in favor of disclosure, the Court ultimately finds that Plaintiff has not met that burden.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [8] Motion to Proceed Under Pseudonym is DENIED; and

7

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, she shall also file her [3] and [8] Motions on the public docket as appendices to that Notice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: June 13, 2025