UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**Jane Doe** ) Case No: 1:25-cv-00254-UNA
    Plaintiff, )
)
  vs. ) <u>**Jury Demand**</u>
)
**Marco Rubio, Secretary of State.** ) <u>**Plaintiff's Motion for**</u>
**William R Terrini, Paul P Avallone, Julie S** ) <u>**Reconsideration to Proceed**</u>
**Cabus, Whitney T Savageau, Jason R Kight** ) <u>**Under Pseudonym Jane Doe**</u>
**2201 C. Street. NW.**
**Washington D.C.**
    Defendant.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe respectfully moves the court to reconsider its Order dated June 13, 2025, denying Plaintiff's Motion to Proceed Under Pseudonym. Plaintiff previously submitted a comprehensive motion on May 27, 2025 (ECF No. 8), detailing the substantial and concrete need for anonymity in this action, consistent with the five-factor inquiry of *In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020)*.

In addition to the highly **sensitive and private health condition** related to the Plaintiff as detailed in Plaintiff's May 27, 2025 motion, Plaintiff remains an employee of the Department of State, making her particularly vulnerable to retaliation.

The agency had indeed attempted to terminate Plaintiff once already. Plaintiff was forced to endure an appeals process that took years before the Foreign Service Grievance Board. Although the agency rescinded that termination three years later, it had already resulted in unreversed and irreversible harms including loss wages, denial of promotion, non-assignment, denied employment benefits and entitlements that cannot be remedied.

This past experience of severe, employment-related adverse action underscores the significant and real risk of retaliatory harm that Plaintiff continues to face if her identity is publicly revealed in this new lawsuit. The agency's demonstrated willingness to pursue termination, and the subsequent "documented harm to livelihood and career prospects" Plaintiff endured, along the highly sensitive private health information, provide compelling evidence that Plaintiff's **"justification for seeking pseudonymity is... to preserve privacy in a matter of a sensitive and highly personal nature, directly related to avoiding documented past harm and preventing further severe negative consequences"**.

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym



RECEIVED
JUN 23 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The risk is not merely speculative, but a **"significant and real risk of retaliatory mental harm and further adverse actions"** that directly impacts Plaintiff's livelihood, within or outside the Department, should the Plaintiff's name and her health information is made public. The agency's past actions, including the widespread dissemination of Plaintiff's prior EEO case information within the Department, and the documented impact on external employment prospects, combined with the agency's continued use of the security clearance process for retaliatory purposes, underscore the severe and concrete nature of the harm Plaintiff reasonably anticipates if forced to proceed publicly.

Anonymity would have "no impact on any private rights, as the only defendant is the United States Government" as argued in *Doe v. OPM*.

For these specific reasons, building upon the extensive justifications provided in Plaintiff's May 27, 2025 Motion to Proceed Under Pseudonym, Plaintiff respectfully requests that the Court reconsider its prior Order and grant leave to proceed under pseudonym, thereby protecting Plaintiff from further severe harm and retaliation, adverse employment action, and protecting her private health conditions.

**14-DAY DEADLINE TO FILE A NOTICE TO PROCEED**

The Plaintiff also respectfully requests an extension of the 14-day deadline due to the heightened security risks in the recent Middle East crisis, and it is impossible for her to request time off as a security officer. In addition, her agency denied her prior official time off request to work on this complaint. The Plaintiff respectfully requests an additional 14 days to file the Notice should the court deny her Motion to Reconsider Request to Proceed Under Pseudonym.

Respectfully Submitted,

_____ /s/ Jane Doe
JC.LLM@outlook.com
May 27, 2025

**Certificate of Service.**

    Upon issuance of the Summons from this Court, copies of the Summons and Complaint will be emailed to:

    U.S. Department of State
    Attn: Alicia Frechette, Ex. Director.
    Email: FrechetteAA@state.gov
    The Executive Office. Office of the Legal Advisor, S.A. -17
    600 19th Street. NW. Suite 5.600
    Washington D.C. 20522

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

2

_____ /s/ Jane Doe

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

3