UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**Jane Doe**            )   Case No: 1:25-cv-00254-UNA
    Plaintiff,   )
                )
  vs.            )   **Jury Demand**
                )
**Marco Rubio, Secretary of State.**   )   **Plaintiff's Motion for**
**William R Terrini, Paul P Avallone, Julie S**   )   **Reconsideration of Order**
**Cabus, Whitney T Savageau, Jason R Kight**     **Denying Motion to Proceed**
**2201 C. Street. NW.**        **Under Pseudonym**
**Washington D.C.**
    Defendant.

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe respectfully moves the Court to reconsider its Order dated June 13, 2025, denying Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 8), and for leave to proceed in this action under a pseudonym. Plaintiff previously submitted a comprehensive motion on May 27, 2025 (ECF No. 8), detailing the substantial and concrete need for anonymity in this action, consistent with the five-factor inquiry of *In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020)*. The Court, in its June 13, 2025 Order, found that Plaintiff "has not made the detailed showing required to overcome the presumption in favor of disclosure" and "has not met her burden to demonstrate that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity". This Motion for Reconsideration directly addresses the Court's specific findings and provides further substantiation to demonstrate that Plaintiff's legitimate interest in anonymity outweighs the public's interest in full disclosure.

### I. BACKGROUND

Plaintiff filed this lawsuit under Title VII of the Civil Rights Act against the Secretary of State and various State Department employees, alleging discrimination based on protected characteristics and failure to accommodate disabilities, specifically a heart condition and depression. Plaintiff seeks to proceed under a pseudonym due to significant and real concerns stemming from revealing her identity, particularly given her continued employment with the Department and the potential for severe retaliation, including termination of employment. The Court denied Plaintiff's previous motion (ECF No. 8), subject to reconsideration by the assigned District Judge. The Court noted that the "pseudonymity question is a close one," finding that the first and fourth factors "slightly favor pseudonymity," while the second, third, and fifth factors "tilt heavily in favor of disclosure". This Motion for Reconsideration provides further detail and

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

RECEIVED
JUN 27 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

clarification to address the Court's concerns, particularly regarding the factors previously found to disfavor pseudonymity.

**II. ARGUMENT**

The Court's decision to deny pseudonymity was based on a "flexible and fact driven" balancing test involving five non-exhaustive factors. Plaintiff respectfully submits that, with the additional context and clarification provided herein, the balance of these factors, especially the first, second, and fifth, strongly supports granting leave to proceed under a pseudonym.

**A. Factor 1: Justification – Sensitive and Highly Personal Nature (Favoring Pseudonymity)**

The Court acknowledged that the disclosure of Plaintiff's "personal and private medical conditions . . . such as PTSD and depression," and her "heart condition," represents a "real and weighty interest that favors pseudonymity" and "tilts the first factor in favor of pseudonymity". This remains a core justification for pseudonymity.

However, the Court found Plaintiff's previous claims of unfavorable treatment and harm to future employment prospects "insufficiently detailed and substantiated", likening them to "merely" seeking "to avoid the annoyance and criticism that may attend any litigation". Plaintiff now provides further critical details to demonstrate that her justification is not merely to avoid annoyance, but to preserve privacy in a matter of a sensitive and highly personal nature, directly related to avoiding documented past harm and preventing further severe negative consequences.

Plaintiff has indeed experienced **severe, employment-related adverse action directly tied to prior public litigation**. The agency had indeed attempted to terminate Plaintiff once already in 2019. This termination was appealed before the Foreign Service Grievance Board, led to a lengthy appeals process. Although the agency ultimately rescinded the termination three years later in 2022, it resulted in **unreversed and irreversible harms including loss wages, denial of promotion, non-assignment, denied employment benefits and entitlements that cannot be remedied**. This is not a speculative or general claim of harm; it is a **documented, concrete, and severe past impact on Plaintiff's livelihood and well-being**.

With the Plaintiff's health condition made public, the Agency can once again terminate her citing the public documentation revealing the Plaintiff's health conditions, using it as a pretext as the cause for termination.

It would be unmeasurable harm for the Plaintiff's extremely sensitive and personal health conditions be made to public.

Moreover, the "widespread broadcasted within the Department by HR staff Brenda Greenberg via a December 12, 2016, email to 'HR-ALL'" and a forwarded article about Plaintiff's prior EEO case directly led to "harassment, unfair treatment, unfavorable labeling, and open hostility from peers, supervisors and potential supervisors". Plaintiff also experienced "public mockery on multiple occasions" directly related to the EEO case. **Public knowledge of the prior lawsuit also directly harmed Plaintiff's employment prospects outside the Department**, when a

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

2

potential employer discovered the EEO case online and declined to hire Plaintiff despite high qualifications. These are not vague impressions of being "litigious"; they are **specific, documented instances of direct and severe professional detriment** caused by public identification.

The fear of future harm is thus not "insufficiently substantiated" but is deeply rooted in this documented past experience of severe consequences from public identification. In affidavits relating to this case, multiple employees in the Agency claimed they learned about Plaintiff's EEO activity via publicly available information. As this case is about disability discrimination and retaliation, her health conditions will be front and center in the documents.

Plaintiff anticipates that a public second lawsuit will undoubtedly cause similar or worse harm, especially under the policies of current Administration. The agency's continued use of the security clearance process for retaliatory purposes further underscores the severe and concrete nature of the harm Plaintiff reasonably anticipates if forced to proceed publicly.

Therefore, Plaintiff's justification is profoundly "sensitive and highly personal," going far beyond mere "annoyance" and encompassing severe, documented past harms and a reasonable fear of future severe impacts on her livelihood and health. This factor thus weighs **strongly** in favor of pseudonymity.

**B. Factor 2: Risk of Retaliatory Physical or Mental Harm (Now Favoring Pseudonymity)**

The Court previously found that this factor "favors disclosure," viewing Plaintiff's claims of "significant and real risk of retaliatory mental harm and further adverse actions" as "generalized claims of mental hardship that are unconnected to any substantial threats of psychological damage". The Court also noted that any risk of retaliation would likely be unaffected if employees are already aware of her identity from the previous claim.

Plaintiff respectfully submits that the previous denial did not fully appreciate the connection between the *documented employment harm* and the "mental harm" experienced. The unreversed and irreversible harms from the attempted termination, including loss of wages, denial of promotion, and non-assignment, are **direct and severe stressors that undeniably lead to significant mental harm** such as PTSD and depression, as detailed in the Complaint. These are not "generalized claims of mental hardship"; they are concrete, documented impacts on Plaintiff's professional life that directly cause severe psychological distress and risk of further adverse actions. Plaintiff's work environment continues to be hostile and toxic, leading to a severe deterioration of Plaintiff's health. The Court is not the Plaintiff or Plaintiff's therapist. It is not qualified to ignore Plaintiff's documented mental harm and determine the mental hardship the Plaintiff suffered is "generalized" or "unconnected to any substantial threats of psychological damage."

Furthermore, while some employees may be aware of Plaintiff's identity from previous internal communications, public filing of *this new lawsuit* with **Plaintiff's real name with *new health conditions* elevates the risk significantly**. The widespread dissemination of Plaintiff's prior EEO case information within the Department already created a hostile environment, including

Civil Complaint    3
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

public mockery and verbal harassment. Public disclosure of this new, active federal lawsuit would make information about Plaintiff's current disability, including sensitive medical conditions, **universally accessible**, amplifying past harassment and inviting new forms of retaliation that could jeopardize her livelihood and well-being even further. Recent communications within the Department indicate that knowledge of Plaintiff's federal court cases is not confined to those directly involved, as an HR Specialist Holly B. Thompson stated in an email, dated January 28, 2025 and shared with Plaintiff's supervisor, that Plaintiff would not be granted "official time to work on lawsuits she has filed in federal court." This demonstrates the ongoing, active awareness of Plaintiff's litigation within the Department and the negative administrative actions, which would be exacerbated by public identification in this current lawsuit as the agency officials can now claim they learn of Plaintiff's health condition and/or protected activity from publicly available information and claim no retaliation.

The agency's continued use of the security clearance process for retaliatory purposes constitutes a significant and real risk of retaliatory mental harm and further adverse actions to Plaintiff's livelihood.

Therefore, the risk of retaliatory mental harm and further adverse employment actions is "significant and real," "substantial, documented by specific past incidents," and reasonably feared to continue. This factor now **strongly favors pseudonymity**.

**C. Factor 3: Ages of Persons Whose Privacy Interests are Protected (Favoring Disclosure)**

As the Court noted, Plaintiff is an adult, and this factor "favors disclosure". Plaintiff acknowledges that this factor "weighs against Plaintiffs". However, the fact that Plaintiff is an adult does not diminish the compelling need for pseudonymity, given the severe and documented harm Plaintiff has already experienced and reasonably anticipates if forced to proceed publicly.

**D. Factor 4: Action Against a Governmental or Private Party (Favoring Pseudonymity)**

This factor continues to favor pseudonymity. This action is being brought against a governmental party, the Department of State, and seeks individualized relief. As the Court noted, "anonymous litigation is more acceptable when the defendant is a governmental body". This factor thus **favors pseudonymity**.

**E. Factor 5: Risk of Unfairness to the Opposing Party (Now Favoring Pseudonymity)**

The Court found this factor did not support Plaintiff's motion because Plaintiff had "given the Court no reason to definitively conclude Defendant[s] know [her] identity," nor did she "disclose (or offer[] to disclose) her identity to Defendants under seal". This is a critical point that Plaintiff now addresses directly.

Plaintiff respectfully submits that the Defendants in this case are indeed already aware of Plaintiff's identity. The named Defendants—William R Terrini, Paul P Avallone, Julie S Cabus, Whitney T Savageau, and Jason R Kight—are high-level officials and supervisors within the Department of State who are **directly involved in the discrimination and retaliation against**

Civil Complaint                                                                                         4
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

**the Plaintiff in this case**. Recent communications within the Department indicate that knowledge of Plaintiff's federal court cases is not confined to those directly involved, as an HR Specialist, Holly B. Thompson... stated in an email, dated January 28, 2025 and shared with Plaintiff's supervisor, demonstrating active awareness of Plaintiff's federal court cases within the Department. Given their positions and the nature of the previous and current allegations against the Department, it is a reasonable inference that the Defendants are already aware of Plaintiff's identity.

Furthermore, **Plaintiff explicitly offers to disclose her identity to the named Defendants under seal if the Court deems it necessary to fully address any lingering concerns regarding this factor.** This willingness directly remedies the Court's previous finding that Plaintiff had not "disclosed (or offered to disclose) her identity to Defendants under seal".

Allowing Plaintiff to proceed anonymously poses no risk of unfairness to the opposing party. The Department of State is a "sophisticated governmental litigant with substantial resources and regular experience in employment discrimination cases". Plaintiff is an untrained, never attended law school lay person. Plaintiff's individual identity is not relevant to the merits of her claims, which center on departmental policies, practices, and specific documented events. The claims do not inherently rely on Plaintiff's public identity for the Department to mount its defense effectively. As previously argued and supported by *Doe v. OPM*, "Anonymity would have 'no impact on any private rights, as the only defendant is the United States Government'".

Therefore, given the high probability that Defendants are already aware of Plaintiff's identity due to the history of litigation and internal communications, coupled with Plaintiff's explicit offer to disclose her identity to Defendants under seal, this factor **now strongly favors pseudonymity**.

### III. CONCLUSION

Based on the re-analysis of the five factors set forth in *In re Sealed Case*, Plaintiff has demonstrated a compelling and urgent need to proceed under a pseudonym. The justifications are based on sensitive, highly personal matters, including health information and severe, documented harm to livelihood and well-being stemming from prior public identification with litigation against the Department. The risk of further retaliation and harm is substantial and evidenced by past incidents and current circumstances, including recent internal communications and the agency's continued use of the security clearance process for retaliatory purposes. Plaintiff remains employed by the Defendant Department, making the risk of retaliation particularly acute. The action is against a governmental party, and there is no known risk of unfairness to the Defendant, especially with Plaintiff's willingness to disclose her identity to Defendants under seal.

Plaintiff has met her "weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name". For these specific reasons, building upon the extensive justifications provided in Plaintiff's May 27, 2025 Motion to Proceed Under Pseudonym, Plaintiff respectfully requests that the Court reconsider its prior Order and grant leave to proceed under pseudonym, thereby

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

5

protecting Plaintiff from further severe harm, adverse employment action, and protecting her private health conditions.

**IV. REQUEST FOR EXTENSION OF DEADLINE**

Plaintiff also respectfully requests an extension of the 14-day deadline provided in the Court's June 13, 2025 Order (ECF No. 9). Due to heightened security risks in the recent Middle East crisis, and the impossibility of requesting time off as a security officer. Additionally, Plaintiff's agency denied her prior official time off request to work on this complaint. The Plaintiff respectfully requests an **additional 14 days** to file the Notice should the Court deny her Motion to Reconsider Request to Proceed Under Pseudonym.

Respectfully Submitted,

_____ /s/ Jane Doe
JC.LLM@outlook.com
May 27, 2025

**Certificate of Service.**

Upon issuance of the Summons from this Court, copies of the Summons and Complaint will be emailed to:

U.S. Department of State
Attn: Alicia Frechette, Ex. Director.
Email: FrechetteAA@state.gov
The Executive Office. Office of the Legal Advisor, S.A. -17
600 19th Street. NW. Suite 5.600
Washington D.C. 20522

_____ /s/ Jane Doe

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Reconsider to Proceed Under Pseudonym

6