UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **Josephine Chien** )<br>　　Plaintiff, )<br>　　　　　　 )<br>　vs. )<br>　　　　　　 )<br>**Marco Rubio, Secretary of State.** )<br>**William R Terrini, Paul P Avallone, Julie S** )<br>**Cabus, Whitney T Savageau, Jason R Kight**<br>**2201 C. Street. NW.**<br>**Washington D.C.**<br>　　Defendant. | Case No: 1:25-cv-00254-UNA<br><br>**Jury Demand**<br><br>**Plaintiff's Motion for Request to Proceed Under Pseudonym Jane Doe** |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Pursuant to the Court's Minute Order dated April 16, 2025, Plaintiff respectfully files this Revised Motion for leave to proceed in this action under a pseudonym. This motion addresses the five-factor inquiry required for such requests, as set forth in *In re Sealed Case, 971 F.3d 324, 326-27 (D.C. Cir. 2020)*. As demonstrated below, Plaintiff faces significant and real concerns stemming from revealing their identity, and these concerns substantially outweigh the public interest in full disclosure, particularly given Plaintiff's continued employment with the Department and the potential for severe retaliation, including termination of employment.

This Court has already GRANTED similar motions.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Court's Minute Order requires Plaintiff to address the five-factor inquiry identified in *In re Sealed Case, 971 F.3d 324, 326-27 (D.C. Cir. 2020)* when seeking to proceed under a pseudonym. These factors are:

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature.
2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties.
3. The ages of the persons whose privacy interests are sought to be protected.
4. Whether the action is against a governmental or private party.
5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Applying these factors to Plaintiff's documented circumstances strongly supports granting this motion.

**1. Justification: Sensitive and Highly Personal Nature**

Plaintiff's justification for seeking pseudonymity is **not merely to avoid the annoyance and criticism** common to litigation; rather, it is **to preserve privacy in a matter of a sensitive and highly personal nature**, directly related to avoiding documented past harm and preventing further severe negative consequences.

- Plaintiff's previous lawsuit against the Department resulted in their name being the first search result online, leading to **harassment, unfair treatment, unfavorable labeling, and open hostility from peers, supervisors and potential supervisors**, including those Plaintiff had not met. This demonstrates that public identification caused real, tangible negative impacts within the workplace.
- Knowledge of Plaintiff's prior EEO case was widely broadcasted within the Department by HR staff Brenda Greenberg via a December 12, 2016, email to "HR-ALL" that included an article about the case. The email was then forwarded again by another HR specialist, Alan Alonso on the same day to another HR supervisor Judy Ikels, who assisted the Plaintiff's then supervisor in retaliation against them.
- In numerous affidavits, witnesses and responsible officials claimed they were aware of Plaintiff's protected activity from "public information".
- Plaintiff experienced **public mockery** on multiple occasions related to the EEO case with comments such as "I'm offended now. You don't refuse people who offer you oranges. I'm going to file an EEO on you. To give you a taste of your own medicine" by Special Agent Matt Hogan. Similar comments against Plaintiff were made by another co-worker, Special Agent Christopher Kuzma. These incidents (documented in Plaintiff's 2019 Response to Agency Interrogatories) highlight the hostile environment created by public knowledge of the litigation.
- Public knowledge of the prior lawsuit also **directly harmed Plaintiff's employment prospects outside the Department**, when a potential employer discovered the EEO case online and declined to hire Plaintiff despite high qualifications and positive feedback the recruiter received from the hiring managers prior to the discovery of the EEO case. [In the last call prior to decision, the incumbent of the position asked the Plaintiff point-blank about the EEO case, stating he found it online.] The recruiter found this outcome puzzling given Plaintiff was deemed a "perfect match" after two rounds of interviews with highly favorable feedback from the hiring managers.
- Plaintiff anticipates that a public second lawsuit **will undoubtedly harm future employment opportunities** both within and outside the Department, creating an unfair prejudice and the perception of being "litigious".
- Public identification would also **divulge sensitive private and health information** related to Plaintiff.
- The justification is deeply rooted in protecting Plaintiff's livelihood and personal well-being, which have been directly impacted by past public identification and are reasonably feared to be impacted again. These facts demonstrate that the justification is of a sensitive

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Proceed Under Pseudonym

2

and highly personal nature, extending far beyond mere annoyance and involving concrete, documented past and reasonably feared future harm.

**2. Risk of Retaliatory Harm**

Identification poses a **significant and real risk of retaliatory mental harm** and further adverse actions against Plaintiff.

- Plaintiff's work environment is described as continuing to be hostile and toxic, leading to a **severe deterioration of Plaintiff's health**.
- Specific, documented instances of **public mockery and verbal harassment, out-of-scope security clearance process and loss of career opportunities,** related to the prior EEO case demonstrate a clear retaliatory attitude.
- Plaintiff explicitly states the belief that **further bias and prejudice will lead to more retaliation**, citing the aforementioned examples as proof.
- The risk includes significant **harm to livelihood** through hindered employment prospects, directly linked to public identification with litigation. Plaintiff's past experience, **including unsuccessful within the Department job bidding**, shows this is not a theoretical risk but a documented consequence.
- Plaintiff currently **fears for their livelihood and retaliation for exercising civil rights**.
- Recent communications within the Department indicate that knowledge of Plaintiff's federal court cases is not confined to those directly involved, as an HR Specialist, Holly B. Thompson, EUR-IO/EX/HR Employee Relations Specialist stated in an email, dated January 28, 2025, "*We don't need to give [the Plaintiff] official time to work on lawsuits [they] ha[d] filed in federal court"* and advised Plaintiff's supervisor, Vasilli A. "Billy" Alafogiannis, that he was within his authority and should tell Plaintiff he would not approve additional administrative leave or official time for these matters, instructing Plaintiff to request personal leave instead. Ms. Thompson shared this information in a group email to Plaintiff's supervisor, which Plaintiff views as an alarming and potentially intentional breach of confidentiality. This incident underscores the risk that filing a public lawsuit could further expose Plaintiff within the Department and potentially invite negative consequences.
- Protecting Plaintiff's identity is necessary because Plaintiff reasonably fears further bias, prejudice, and retaliation, including potential severe impacts on employment and well-being.

The risk of mental harm and adverse treatment is substantial, documented by specific past incidents, and reasonably feared to continue, directly impacting the Plaintiff and their career prospects.

**3. Ages of Persons Whose Privacy Interests are Protected**

The primary person whose privacy interest is sought to be protected is the Plaintiff. The fact that Plaintiff is an adult does not diminish the need for pseudonymity in this case, given the severe and documented harm Plaintiff has already experienced and reasonably anticipates if forced to

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Proceed Under Pseudonym

3

proceed publicly. The justification rests on specific risks related to Plaintiff's unique circumstances and past experiences, not on age-related vulnerability.

**4. Action Against a Governmental or Private Party**

This action is being brought **against a governmental party**, the Department of State.

**5. Risk of Unfairness to the Opposing Party vs. Plaintiff's Compelling Concerns and Public Interest**

**Minimal Prejudice to Defendants:**

- The Department of State is a sophisticated governmental litigant with substantial resources and regular experience in employment discrimination cases. Plaintiff's individual identity is not relevant to the merits of her claims. The Department is unlikely to suffer prejudice because the claims center on departmental policies, practices, and specific documented events. If the Department feels as this litigation develops that it must learn Plaintiff's identity to avoid unfairness, it will remain free to request any further information it deems necessary to the full and fair defense of the case.
- The claims at issue in this litigation do not inherently rely on Plaintiff's public identity for the Department to mount its defense effectively. The facts and legal arguments will center on events, policies, and actions within the Department.

**Plaintiff's Compelling Vulnerability:**

Allowing Plaintiff to proceed anonymously poses no risk of unfairness to the opposing party, the Department of State, especially when balanced against the **significant and real concerns Plaintiff faces in revealing their identity**.

- Critically, Plaintiff is **still employed by the Department**, making Plaintiff particularly vulnerable to retaliation.
- Plaintiff has already experienced **documented harm to livelihood and career prospects (including receiving a termination notification** but later rescinded by the Department**)** due to public identification with prior litigation and reasonably fears **further retaliation**. Plaintiff fears for livelihood and retaliation for exercising civil rights. The potential for **severe consequences**, including harm to Plaintiff's career and well-being, is a significant and real concern supported by past events and current internal communication.

Therefore, the risk of unfairness to the Department is not justified especially when balanced against the significant and specific risks Plaintiff faces while still employed at the Department. The public interest in knowing the identity of a litigant is less compelling when that disclosure could lead to substantial harm to the individual seeking redress against the government.

**Public Interest Considerations:**

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Proceed Under Pseudonym

4

The public interest in knowing a litigant's identity is substantially diminished when disclosure could lead to significant harm to an individual seeking redress against the government. "The plaintiffs' significant and 'legitimate interest in anonymity' at this early stage in the litigation is more than sufficient to overcome 'countervailing interests in full disclosure.'" *K.J. v. United States*, No. 22-180, 2022 U.S. Dist. LEXIS 250231, at *12 (D.D.C. Jan. 23, 2022). "Any general presumption in favor of open proceedings or public interest in disclosing the plaintiffs' identities is significantly outweighed by the potential retaliatory threat that such disclosure would entail." *Id.* (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019)).

## CONCLUSION

Based on the analysis of the five factors set forth in *In re Sealed Case*, Plaintiff has demonstrated a **compelling and urgent need** to proceed under a pseudonym. The justification is based on sensitive, highly personal matters including health information and severe, documented harm to livelihood and well-being stemming from prior public identification with litigation against the Department. The risk of further retaliation and harm is substantial and evidenced by past incidents and current circumstances, including recent internal communications, and Department's stance on equality. Plaintiff is still employed by the Defendant Department, making the risk of retaliation particularly acute. The action is against a governmental party, but the **significant and real risk to Plaintiff from revealing their identity substantially outweighs the public interest** in knowing their name and no known risk of unfairness to the Defendant.

For these reasons, and to protect Plaintiff from further documented and reasonably feared severe harm and retaliation while seeking to exercise their civil rights, Plaintiff respectfully requests that the Court grant this Motion to Proceed Under Pseudonym.

Respectfully Submitted,

  /s/ Jane Doe
JC.LLM@outlook.com
May 27, 2025

### Certificate of Service.

Upon issuance of the Summons from this Court, copies of the Summons and Complaint will be emailed to:

U.S. Department of State
Attn: Alicia Frechette, Ex. Director.
Email: FrechetteAA@state.gov
The Executive Office. Office of the Legal Advisor, S.A. -17
600 19th Street. NW. Suite 5.600
Washington D.C. 20522

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Proceed Under Pseudonym

5

_____ /s/ Jane Doe

Civil Complaint
Doe v. Rubio, Department of State.
Motion to Proceed Under Pseudonym

6