UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

        v.                                                          Civil Action No. 25-254

MARCO RUBIO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Plaintiff Jane Doe has filed this lawsuit under Title VII of the Civil Rights Act against the Secretary of State and various State Department employees for allegedly discriminating against her on the basis of her protected characteristics and failing to accommodate her disabilities. In a prior Memorandum Opinion and Order, the Court denied Doe's request to proceed pseudonymously. In now her third Motion on this matter, Plaintiff shares additional details with the Court and asks for a reconsideration of its denial of pseudonymity. Having considered this new information, the Court will grant the Motion.

I.    **Legal Standard**

    Plaintiff does not specify a basis for relief but generally asserts that the Motion is filed to provide "further detail and clarification to address the Court's concerns, particularly regarding the factors previously found to disfavor pseudonymity." ECF No. 11 (Recon. Mot.) at 1–2. The Court thus construes the Motion as one pursuant to Federal Rule of Civil Procedure 54(b), which applies to orders that "may be revised at any time." Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may apply where, among other things, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to

consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quotation marks omitted). A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quotation marks omitted).

## II. Analysis

In her initial motion, Plaintiff prevailed on the first and fourth factors of the five-factor inquiry from In re Sealed Case, 971 F.3d 324, 326–37 (D.C. Cir. 2020), which determines whether a plaintiff can proceed pseudonymously. See ECF No. 9 (Mem. Op.) at 5–7. The Court, however, denied that motion because she fell short on the second, third, and fifth factors, in addition to offering a relatively weak showing on the first factor. See id. at 7. Doe now asks the Court to reconsider those determinations. Given that she has not challenged the determination as to the third factor, see Recon. Mot. at 4, the Court addresses only the second and fifth.

The second factor favors pseudonymity where there is a "risk of retaliatory physical or mental harm" upon disclosure. In re Sealed Case, 971 F.3d at 326 (cleaned up). Doe has alleged additional details to support the concern that she is at risk of retaliatory mental harm. In particular, she now contends that the fallout from her prior Title VII litigation has exacerbated her PTSD and depression, and therefore disclosure in this case risks the same consequences. See Recon. Mot. at 3. Plaintiff further notes that, in light of the health conditions at issue only in the instant litigation, the risk of retaliatory mental harm is elevated by the prospect of "new forms of retaliation" and amplification of prior harassment. Id. at 3–4. Where the prior motion merely alleged "generalized claims of mental hardship," Mem. Op. at 6, Doe has now included enough

2

factual detail that connects the risks of retaliatory harm to documented psychological issues. Such a showing favors pseudonymity. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014); Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb. 12, 2021) (crediting claim where "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (quotation marks omitted). To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early stage, however, the Court finds the allegations in the Motion are sufficient to establish that revealing Doe's name poses a risk of exacerbating the mental-health issues central to this litigation.

Finally, the Court originally concluded that the fifth factor weighed in favor of disclosure because "[Doe] has given the Court no reason to definitively conclude" that Defendants know of her identity. See Mem. Op. at 7 (quoting N.L. v. District of Columbia, No. 24-3165, ECF No. 5 (Mem. Op.) at 5 (D.D.C. Nov. 21, 2024)). "Plaintiff," however, has now "explicitly offer[ed] to disclose her identity to the named Defendants under seal." Recon. Mot. at 5 (emphasis omitted). In light of this information, the Court concludes that the fifth factor now weighs in favor of pseudonymity.

In light of the new allegations in this Motion, the first, second, fourth, and fifth factors all suggest that Doe has met her "weighty burden of demonstrating a concrete need" for pseudonymity. In re Sealed Case, 971 F.3d at 326. The Court will thus grant the Motion.

**III.   Conclusion**

The Court accordingly ORDERS that:

3

1. Plaintiff's [11] Motion for Reconsideration is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

    i. A pseudonymous version of her [11] Motion and any attachments as a Notice to the Court; and

    ii. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 21, 2025